**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000344
10-APR-2019
09:53 AM**

NO. CAAP-17-0000344

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DEVON FINNEY, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(S.P. NO. 16-1-0016)
(FC-CR NO. 07-1-0161)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Petitioner-Appellant Devon Finney (**Finney**) was convicted of Abuse of Family or Household Member in violation of Hawaii Revised Statutes (**HRS**) § 709-906 (Supp. 2006) by way of a "Judgment Guilty Conviction and Probation Sentence" (**Judgment**) entered against him on January 28, 2008, in FC-CR No. 07-1-0161. Finney had pleaded guilty to the charge. Finney did not appeal from the Judgment.

On August 15, 2016, Finney filed a "Petition for Writ of Error Coram Nobis" and on November 21, 2016, Finney filed "Defendant's Submission of Conforming Rule 40 Petition to Post Conviction Relief Filed on August 15, 2016" (collectively, **Petition**).

On April 6, 2017, the Circuit Court of the Fifth Circuit (**circuit court**)[1] filed "Findings of Fact; Conclusions of

---

[1] The Honorable Kathleen N.A. Watanabe presided.

Law; Order Denying [Finney's] Rule 40, HRPP [Hawai'i Rules of Penal Procedure] Petition Filed November 21, 2016 & Petition for Writ of Error Coram Nobis, Filed August 15, 2016" (**Order Denying Rule 40 Petition**). The circuit court dismissed Finney's Petition without a hearing on the grounds that he had waived his claims by failing to appeal from the Judgment, and that even on the merits Finney's claims were patently frivolous and lacked a trace of support in the record or other evidence submitted by the parties. Finney appeals from the Order Denying Rule 40 Petition.

On appeal, Finney asserts error on two grounds. First, that the circuit court should have held a hearing on his claim that he:

> wanted to withdraw his guilty plea at the sentencing hearing but counsel advised him that he could not do so and Finney relied upon that advice in allowing himself to be sentenced (and in failing to appeal his conviction). This allegation was incorporated in the Rule 40 petition. This advice was clearly wrong and, if proven, would entitle Finney to withdraw his plea and have a trial, based on ineffective assistance of counsel.

> . . . .

> Clearly this advice was an error reflecting counsel's lack of skill. In addition, as the result of this error, Finney gave up his right to trial. In other words, he gave up all of his defenses, including reasonable doubt. This error, if proven, would have entitled Finney to withdraw his guilty plea and have a trial on the merits.

(Internal citations omitted). Second, Finney argues the circuit court "erred when it denied [his] Petition without a hearing as [he] had proffered sufficient evidence and supporting authorities establishing a colorable claim for relief, in that his trial counsel was ineffective for failing to investigate his case by failing to interview the Complainant [(**CW**)], and as a result Finney's guilty plea was not knowingly and voluntarily entered."[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as

---

[2] Finney did not file a direct appeal from the Judgment. However, his instant challenge pertains to ineffective assistance of his counsel, including as to an attorney who remained his counsel of record at the time an appeal would have been taken.

well as the relevant statutory and case law, we resolve Finney's points of error as follows.

HRPP Rule 40(f) provides, in relevant part, that "[i]f a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer."

> As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim. To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the [outcome of the case], however, a petitioner's conclusions need not be regarded as true.

Najera v. State, 143 Hawai'i 83, 88, 422 P.3d 661, 666 (App. 2018) (brackets in original) (quoting Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994) ((quoting State v. Allen, 7 Haw. App. 89, 92, 744 P.2d 789, 792 (1987)))). Further,

> Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing. The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court.

Dan, 76 Hawai'i at 427, 879 P.2d at 532 (quoting Allen, 7 Haw. App. at 92-93, 744 P.2d at 792-93)).

**(1)** Finney asserts that his sentencing counsel, Deputy Public Defender John Calma (**Calma**), erroneously told him that he could not withdraw his guilty plea before sentencing. The Supreme Court of Hawai'i recently held in Maddox v. State, 141 Hawai'i 196, 407 P.3d 152 (2017) that:

> This court set forth the standard by which we evaluate claims of ineffective assistance of counsel under the Hawai'i Constitution in State v. Antone, 62 Haw. 346, 348-49, 615 P.2d 101, 104 (1980). "General claims of ineffectiveness are insufficient" to establish that the assistance a defendant received was constitutionally ineffective. Dan, 76 Hawai'i at 427, 879 P.2d at 532 (quoting Briones v. State, 74 Haw. 442, 462-63, 848 P.2d 966, 976 (1993)). Rather, a defendant must show: (1) "specific errors or omissions of defense counsel reflecting counsel's lack of skill, judgment[,] or diligence"; and that (2) "those errors or omissions resulted in the withdrawal or substantial impairment of a potentially meritorious defense." Antone, 62 Haw. at 348-49, 615 P.2d at 104 (internal citations omitted). Thus, to be entitled to a Rule 40 hearing on the basis of ineffective assistance of counsel, [a defendant] must first allege facts identifying a specific error or wrongful omission made by his counsel.

. . . .

> When evaluating whether defense counsel's omission deprived a defendant of a potentially meritorious defense, we consider "the possible, rather than the probable, effect" of the error. Wilton v. State, 116 Hawaiʻi 106, 119, 170 P.3d 357, 370 (2007) (quoting Briones, 74 Haw. at 464, 848 P.2d at 977). "Accordingly, no showing of actual prejudice is required to prove ineffective assistance of counsel." Id. (internal quotation marks omitted). We therefore do not inquire into whether [a defendant's] appeal would succeed on the merits, but instead we address whether trial counsel's failure to fulfill the steps necessary to pursue an appeal possibly impaired [a defendant's] defense.

Id. at 202, 205, 407 P.3d at 158, 161.

Finney specifically alleges that Calma's advice that Finney could not withdraw his guilty plea prior to sentencing demonstrates a lack of skill, judgment, or diligence on the part of Calma. HRPP Rule 32(d) provides, in relevant part:

> **Rule 32. Sentence and judgment.**
>
> . . . .
>
> (d) *Withdrawal of plea*. A motion to withdraw a plea of guilty or of nolo contendere **may** be made before sentence is imposed or imposition of sentence is suspended; provided that, to correct manifest injustice the court, upon a party's motion submitted no later than ten (10) days after imposition of sentence, shall set aside the judgment of conviction and permit the defendant to withdraw the plea. At any later time, a defendant seeking to withdraw a plea of guilty or nolo contendere may do so only by petition pursuant to Rule 40 of these rules and the court shall not set aside such a plea unless doing so is necessary to correct manifest injustice.

(Emphasis added). Finney's claim that Calma advised him that he could not withdraw his guilty plea before sentencing, if true, could have substantially impaired all of Finney's potential defenses because Finney alleges based on that advice he chose not to withdraw his guilty plea. *Cf.* Maddox, 141 Hawaiʻi at 201-06, 407 P.3d at 157-62 (holding that, as alleged in defendant's HRPP Rule 40 petition, defense counsel provided ineffective assistance by stating that he could not represent defendant on appeal following dismissal of defendant's case, contrary to existing law and precedent establishing an ongoing obligation to represent defendant, which includes pursuing an appeal if a defendant so chooses). With regard to this claim, that Calma advised Finney he could not change his plea before sentencing, the circuit court erred in denying a hearing on Finney's Petition.

**(2)** Finney's second ground for error is that the circuit court should have held a hearing based on his claim that his trial counsel, Deputy Public Defender Erick Moon **(Moon)**, was ineffective for failing to investigate his case by failing to interview the CW, who is Finney's son. Finney claims that due to Moon's failure to interview the CW, Finney's guilty plea was not knowingly and voluntarily entered. In this regard, Finney submitted a letter by the CW dated January 26, 2017, which stated in relevant part that:

> As I was coming home I was coming in from the side and then as I was coming in my dad was coming out but he didn't see me and the screen door hit me and knocked me off the porch. My dad picked me up and asked if [I] was ok and brought me inside and told me he was going to go look for my skateboard. He did not purposely intend to hit me, it was on accident he did not know that I was coming from the side of the house.

Based on our review of the record, we conclude Finney has not made a showing of a colorable claim with regard to Moon's alleged failure to interview the CW, such as to require a hearing. Dan, 76 Hawai'i at 427, 879 P.2d at 532. In this regard, Finney does not challenge the following conclusions by the circuit court:

> 12. The affidavit of [Finney's] minor son, A.K., . . . does not reference a date or address of the incident. Even assuming that A.K. is referring to the same Family Abuse incident as that charged in [Case 161], and even assuming that [Finney] unintentionally injured A.K. by opening the screen door, the record indicates that there were multiple acts of violence [Finney] committed against A.K., during this Family Abuse incident. Mainly, [Finney] slapped A.K. in the head and kicked him in his shins. [Finney] in this case also made incriminating statements on the record during Sentencing. Therefore, the affidavit of A.K. does not establish a colorable claim of [Finney's] actual innocence of Family Abuse in [Case 161].

> 13. [Finney] does not even allege that A.K. was available as a witness when the charges in [Case 161] were pending in 2007-2008. Also, A.K. does not claim in his affidavit that he was not interviewed by a defense attorney concerning these charges. Thus, [Finney] fails to substantiate his claim that [Moon] erroneously failed to interview A.K. See Greenwell v. State, 126 Hawaii 25 (App. 2011), Summary Disposition Order.

(Internal record citations omitted). These conclusions are consistent with the record in this case. Moreover, as asserted by the State, the record reflects there were other witnesses to

the events resulting in the charge against Finney, which included several instances of Finney striking or physically abusing the CW.

Given the record, the circuit court did not err in denying Finney's Petition without a hearing regarding Finney's claim that Moon failed to properly interview the CW.

Therefore, with respect to Finney's claim that his sentencing counsel advised him he could not withdraw his guilty plea prior to sentencing, we vacate the Circuit Court of the Fifth Circuit's "Findings of Fact; Conclusions of Law; Order Denying Defendant Devon Finney's Rule 40, HRPP Petition Filed November 21, 2016 & Petition for Writ of Error Coram Nobis, Filed August 15, 2016" entered on April 6, 2017. Otherwise, we affirm. The case is remanded for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, April 10, 2019.

On the briefs:

Emmanuel G. Guerrero,
for Petitioner-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge